IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO. 3:07CR192

DAVID ZACHARY SCRUGGS

**<u>ORDER</u>**

This cause comes before the court upon the defendant's Motion to Allow Discovery. Upon due consideration, the court finds that the motion is not well taken and shall be denied.

The indictment in this case was filed on November 28, 2007. The defendant made his discovery request the following day, and the court set a discovery deadline for December 27, 2007. The court denied a subsequent motion to extend the discovery deadline but continued the trial and extended all other relative deadlines on December 21, 2007. The defendants, including David Zachary Scruggs, moved to compel discovery on December 28, 2007, and the court heard the motion on January 16, 2008.

The defendants, including the defendant herein, through counsel, advised the court at the January 16, 2008, hearing that all discovery matters had been resolved at that point or were in the process of being resolved. The government advised the court that certain requested materials could not be produced until January 30, 2008. As a result, the court extended the motions filing deadline until February 11, 2008, to allow the defendants adequate time to receive and review the remaining materials and file their pretrial motions.

After two continuances, the trial was ultimately set for March 31, 2008. The defendant entered a plea of guilty to misprision of a felony ten days prior to the trial on March 21, 2008.

Having found that the defendant had adequate time to conduct extensive discovery prior to his trial date and finding further that the defendant, through counsel, represented to the court

on January 16, 2008, that he was satisfied with the resolution of discovery issues at that time, and that the defendant made no additional motions to compel discovery after that date, the court is of the opinion that no further discovery should be necessary in this case, and therefore, none shall be authorized.

As the defendant acknowledges, leave of court is required for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and the decision to grant said leave is entirely within the discretion of the court.[1] The court finds that the defendant has failed to set forth good cause for the requested discovery, and his motion should be and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 16th day of February, 2011.

 */s/ Neal Biggers*  
**NEAL B. BIGGERS, JR.**  
**SENIOR U.S. DISTRICT JUDGE**

---

[1] Rule 6(a) provides: "A judge **may**, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." (Emphasis added).