UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                                       CRIMINAL CASE NO. 3:07CR192

DAVID ZACHARY SCRUGGS

**GOVERNMENT'S RESPONSE TO
PETITIONER DAVID ZACHARY SCRUGGS'
MOTION TO RECONSIDER ORDER DISALLOWING DISCOVERY**

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to the Petitioner's Motion to Reconsider Order Disallowing Discovery would respectfully show unto the Court as follows, to-wit:

1.

The petitioner complains that the Court has disallowed his efforts to streamline the proceedings now set for hearing April 25, 2011. The government is appreciative of any efforts to streamline the proceedings, but shrill and sophomoric allegations do nothing to streamline the proceedings. Petitioner begins by instructing the Court regarding its duty, abuse of discretion, and pointing out what happens when district courts "fail to meet their duties . . . ." Petitioner "respectfully" directs the Court's attention to a perceived conspiracy between the

government and defense attorney Anthony Farese, but in doing so brings up nothing that has not already been alleged.  Finally, petitioner complains that ". . . until this court says otherwise, defendant must proceed under the assumption that he will bear the burden of proof at any hearing."[1]

Let us be clear.  There were no month-long secret negotiations preceding Joey Langston's plea.  There has been no "adverse testimony" from Mr. Langston.  There is therefore no conflict.  Mr. Langston's agreement to testify against Dickie Scruggs does not create a conflict between Mr. Langston and Zach Scruggs.  There have been no intentional misrepresentations to the Court.

The issues before the Court should in fact be narrowed.  Not on the basis of unfounded and speculative accusations by a convicted felon/petitioner, but based upon the guidelines set forth by the United States Supreme Court in Bousley.  Technical innocence is not at issue.  For example, the legal sufficiency of 18 U.S.C. § 666, proof of interstate nexus for e-mails and shrill extraneous allegations about government misconduct and perceived conflicts of interest may be integral to the petitioner's public relations campaign but they are actually not justiciable at this juncture.  The petitioner forfeited those positions by his sworn plea of guilty, and he is entitled to avail himself of the Supreme Court's Skilling decision only if he can prove actual, factual innocence.  That is, he is a convicted felon.  The Supreme Court says that at this point he has to show the Court that he did not know money was changing hands as part of the defendants' plan to corruptly influence Judge Lackey.  Under basic conspiracy law he also has to convince the Court that it was not reasonably foreseeable that one of his co-conspirators might pay Judge Lackey. If his proof fails, he has no standing to object to any other issue before the Court.  It is

---

[1] The district court hardly abuses its discretion by enforcing the clear mandate of Bousley v. United States, 523 U.S. 614 (1998).

Supreme Court case law, not the District Court or some perceived conspiracy, that in fact narrows the issues at this hearing.

                                                Respectfully submitted,

                                                JOHN MARSHALL ALEXANDER
                                                United States Attorney

                                                */s/ Robert H. Norman*
                                                By:
                                                    ROBERT H. NORMAN
                                                Assistant United States Attorney
                                                Mississippi Bar No. 3880

## **CERTIFICATE OF SERVICE**

I, ROBERT H. NORMAN, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO PETITIONER DAVID ZACHARY SCRUGGS' MOTION TO RECONSIDER ORDER DISALLOWING DISCOVERY** with the Clerk of the Court using the ECF system which sent notification of such filing to:

Honorable Edward D. Robertson, Jr.
Bartimus Frickleton Robertson & Gorny, P.C.
www.bflawfirm.com

This the  3rd  day of March, 2011.


          */s/ Robert H. Norman*
          ROBERT H. NORMAN
          Assistant United States Attorney