UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL CASE NO. 3:07CR192-b-a

DAVID ZACHARY SCRUGGS

### PETITIONER'S REBUTTAL TO THE GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO RECONSIDER ORDER DISALLOWING DISCOVERY

The Government filed its opposition, complaining that the Petitioner's Motion was "shrill" and "unsubstantiated." D.E. 320. It was certainly not Petitioner's intent to be "shrill." What was intended was a respectful request that this Court reconsider its previous ruling given the existence of new issues for which discovery has never been had. The arguments seem to have touched a nerve in the Government. Still, Petitioner provided clear authorities and compelling evidence, in an effort to assist the Court in resolving the motion.[1] Rather than the Government responding in kind with authorities and evidence, it responded with more rhetoric.

The bottom line is this. The Government has now admitted that it misinformed the Court. Rather than explaining how this happened, the Government turns to personal attacks and innuendo. Petitioner asserts that discovery is the only way the Court can be assured that it will not be forced to rely on the Government's naked statements.

The Government's assertions that Petitioner's arguments are "unsubstantiated" miss the mark, unless the statements of the former Assistant United States Attorney (Mr. Dawson) have

---

[1] Petitioner sincerely believes that the Court welcomes truthful, respectful and zealous advocacy and that the Court appreciates attempts to permit the Court to reconsider when the stakes are high, when constitutional due process guarantees are at issue, and the Petitioner's initial arguments apparently were not made as clearly as had been hoped. Petitioner believes that citations to the law assist the Court in resolving issues placed before it by showing how appellate courts have addressed the very questions facing the Court. To the extent that the Court reads the Motion otherwise, Petitioner apologizes, for nothing more than truthful, respectful and zealous advocacy was intended.

1

no basis in fact. That is an intramural fight between Mr. Dawson and his former colleagues. Petitioner attached hearing transcripts, affidavits and, to the first Motion, 23 Exhibits in an attempt to substantiate the requests made of the Court. The Government has responded with personal accusations and naked rhetoric.

The Government now asserts that "Mr. Langston's agreement to testify against Dickie Scruggs does not create a conflict between Mr. Langston and Zach Scruggs." Two years ago, the Government told the Court that Mr. Langston would implicate Zach Scruggs.

The Government now emphasizes that "[t]here has been no 'adverse testimony' from Mr. Langston." The Government's response is careful, relying on the fact that they avoided ever putting Mr. Langston on the stand, while attempting to draw attention away from the Government's now-admitted misrepresentation to the Court about Mr. Langston's testimony. To be sure, the Government's statement to this Court in 2008 was that Mr. Langston "implicated" Petitioner was certainly a claim that there would be adverse testimony. Indeed, the Government's assurances to the Court about what Mr. Langston would say formed the basis for several decisions of this Court, including the decision to apply Rule 404(b) to Petitioner, the decision not to sever the case, and the decision to empanel an anonymous jury.

The Government carefully words this issue: "There have been no *intentional* misrepresentations to the Court." (Emphasis added). This statement does not deny that there were misrepresentations made to the Court nor does it even purport to explain away Mr. Sanders affidavit saying that Mr. Langston exculpated petitioner all along. More importantly, the record speaks for itself – these officers of the court never attempted to correct the misrepresentations made to the Court. Petitioner's claim that the Government knew that it had misinformed the

Court and did not correct the record is relevant to the Court's scheduled hearing precisely because Petitioner pleaded prosecutorial misconduct as a grounds for relief under § 2255.

The Government emphasis that this case is about "factual innocence." This emphasis is ironic given that the Government resists this Motion precisely so that it can continue hiding the facts. For example, Petitioner raised the problem that there is a mysterious missing tape recording and a missing FBI 302 report for a November 19, 2007 conversation between Petitioner and Balducci. On that day Balducci came to the Scruggs Law Firm to ensnare them, but Petitioner explicitly revealed his contemporaneous belief that Balducci was doing *bona fide* legal work on a Hurrican Katrina case. *See* Motion, D.E. 319 at 4 n4. Petitioner's own words revealed that he had no knowledge of the Government's plan to make that work into a mere sham to reimburse bribery funds. In their response, the Government ignores this point and many others. The Government resists discovery precisely so it can continue hiding these facts that exculpate the Petitioner.

The Government asserts that the "issues before the Court should in fact be narrowed. Not on the basis of unfounded and speculative accusations by a convicted felon/petitioner." First, whether Petitioner should be a "convicted felon" is precisely the question raised in the § 2255 motion. Thus, the Government's statement is remarkable, appearing to deny Petitioner the right to seek redress when the United States Supreme Court has declared that the "crime" to which the Petitioner plead guilty is no crime at all. And, of course, nothing in the Petitioner's motion for discovery is "unfounded" or "speculative" – instead, it is based on affidavits and a book from the prosecutors themselves.

Of course claims made in a § 2255 motion are subject to proof. That is what the hearing is designed to require – proof. And it is evidence, not the pleadings or responses of either party

3

that offer that proof. It is discovery that permits the marshalling of the evidence necessary to prove the allegations in the Motion. It is the absence of discovery that denies the Petitioner the opportunity to present to this Court trustworthy facts. Indeed, in this case, the Government has now conceded that this Court itself has been the subject of its misrepresentations, intentional or not. Discovery will permit the Court to avoid being misled again.

Fundamentally, the Government also seems to be under the false impression that the hearing on this case will be limited to actual innocence under *Bousley v. United States*, while this Court has instead ordered that the hearing will cover *all three* issues raised in the Petition, including those of ineffective assistance of counsel and prosecutorial misconduct, neither of which are controlled by *Bousley*. *See* Petition D.E. 303 at 32-33 (citing *U.S. v. Newell*, 315 F.3d 510, 516 (5th Cir., 2002) and *Brady v. U.S.*, 397 U.S. 742, 757 (1970)). The Government also ignores the fact that *Bousley* has limited applicability in cases like this, where the Court never had the jurisdiction to enter a plea of guilty, since there was no federal crime charged in the Information. *See* Motion, D.E. 319 at 11 n9 (citing *U.S. v. Meacham,* 626 F.2d 503, 510 (5th Cir., 1980)).

For these reasons, and those previously stated, Petitioner respectfully requests that the Court grant discovery in this case.

/s/Edward D. Robertson, Jr.
Pro hac vice
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Missouri 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net

Christopher T. Robertson
Attorney at Law

MS Bar # 102646
christophertrobertson@gmail.com
6342 N Via Lomas de Paloma
Tucson, AZ 85718

CERTIFICATE OF SERVICE

I, Edward D. Robertson, Jr., hereby certify that on March 3, 2011, I served copies of this Motion the Office of the United States Attorney for the Northern District of Mississippi by way of the Electronic Court Filing (ECF) system.

/s/ Edward D. Robertson,Jr.