UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                              CRIMINAL CASE NO. 3:07CR192-b-a

DAVID ZACHARY SCRUGGS

PETITIONER'S BENCH MEMORANDUM
REGARDING PROCEDURAL DEFAULT

In all three of the Government's briefs submitted to this Court, the Government seems to be laboring under confusion regarding this Court's jurisdiction to hear the entirety of the issues raised in the Section 2255 Petition, which the Court said it would hear evidence upon. The Government seems to think that some of the issues that this Court intends to hear are not properly before the Court, in light of the Petitioner's alleged procedural default, which is a form of waiver. *See* D.E. 309 at 11-12, 14-15; D.E. 320 at 2; and most recently, D.E. 328 at 1 (saying that there is only "one issue before the Court that is justiciable and not time-barred," Petitioner's actual innocence of bribery). In these filings, the Government has repeatedly attempted to narrow the scope of the Court-ordered hearing, most recently to avoid discovery about the truth behind the three issues raised in the Petition. In case there is any doubt about the proper scope of the hearing and the proper scope of necessary and appropriate discovery, Petitioner submits this bench memorandum concisely explaining the law of procedural default.

I.     LEGAL STANDARDS

This Court has three different and independent bases for jurisdiction over this Petition. First, "a defendant can challenge his conviction [with a] showing [of] both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *U.S. v. Shaid*, 937 F.2d 228, 232 (5th Cir., 1991)(en banc) (internal citations omitted). Second, "when a constitutional

1

violation has probably resulted in the conviction of one who is actually innocent," this provides an alternative basis for jurisdiction over a Section 2255 Petition. *Id*. Third, there is also a category of cases where procedural default is not at all applicable, because the guilty plea is nullified by a lack of jurisdiction. "Jurisdictional defects are always subject to attack under section 2255, as that statute expressly states." *Thor v. U. S.*, 554 F.2d 759, 762 (5th Cir.1977) (quoted in *U.S. v. Mungia*, 240 F.3d 1074 (Table) (5th Cir., 2000)). As shown in the sections that follow, each of these avenues is applicable to the present case, because the Petitioner presents three distinct bases for relief.

## II. CAUSE AND PREJUDICE

First, Petitioner alleges that the Government violated his constitutional right to effective counsel and coerced his plea of guilty through material misrepresentations to him and the Court. *See* Petition D.E. 303 at 32-33 (citing *U.S. v. Newell*, 315 F.3d 510,516 (5th Cir., 2002) and *Brady v. U.S.*, 397 U.S. 742, 757 (1970)). The Government has said that Petitioner's "allegations about government misconduct and perceived conflicts of interest … are actually not justiciable at this juncture," until actual innocence is first proven. D.E. 320 at 2. The Government's assertion is unsupported in law or logic. This is because it confuses two distinct avenues through procedural default issues. As the Fifth Circuit and the Supreme Court have repeatedly said, even aside from actual innocence, Petitioner may proceed with a claim of prosecutorial misconduct if he can show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 'cause' for Petitioner not raising these issues prior to his plea is that the Government was concealing its wrongdoing until 2009 (well after the plea and after Petitioner had completed his actual prison time), when a former prosecutor published a book and 2010 when a former prosecutor filed an affidavit in a bar

proceeding.  The Petitioner could not have known of these concealments until they were publicly aired. *See U.S. v. Guerra*, 94 F3d 989, 993 (5th Cir., 1996) (explaining that the 'cause' standard requires "some objective factor external to the defense [which] prevented him from raising on direct appeal the claim he now advances").

As for the second element, the Government's own former prosecutor has said that these efforts compelled Petitioner's plea, making 'actual prejudice' undeniable. *See* Petition, D.E. 303 at 9-10.  Indeed, the Government's briefs do not seem to deny either the 'cause' or 'actual prejudice' elements.  Thus, the Court's jurisdiction over the prosecutorial misconduct and misrepresentation is quite clear.

It bears emphasis that the 'cause and prejudice' standard is completely independent from the 'actual innocence' standard.  *Shaid*, 937 F.2d at 232.  The prosecutorial misconduct would provide a basis for relief **even if** *Skilling* had never happened, and **even if** Petitioner **had** participated in bribery, a point which the Government fails to appreciate.  After all, in a judicial system that both justifies its independence by, and founds its claim of integrity on, its stated allegiance to the rule of law, the ends cannot justify unconstitutional means.  This District has recently strongly made the point. In *Hodges v. Epps*, Judge Mills held that, "to the extent cause and prejudice are required to overcome the determination that this claim is barred for counsel's failure to contemporaneously object, Petitioner has established same."  Slip Copy, 2010 WL 3655851, *14 (N.D.Miss., 2010).  Judge Mills granted relief on the petition without making any finding of actual innocence.  Instead, Judge Mills properly described the two different bases for avoiding procedural default (cause and prejudice versus <u>or</u> actual innocence), recognizing that they are alternatively and independently available to defeat claims of procedural default.  *Id*., at *6.

### III. ACTUAL INNOCENCE

Second, this Petition is properly before the Court because *Skilling v. United States* retroactively narrowed the honest services fraud statute to apply to only cases of bribery, a crime that the Petitioner did not commit. *See* Petition, D.E. 303 at 1-2 (explaining the statute of limitations and procedural default analysis) and 6-7 (explaining the impact of *Skilling,* 130 S.Ct. 2896 (2010)). Because Petitioner pled guilty rather than take his chances with a trial under the unconstitutionally vague law prior to *Skilling*, the procedural default doctrine now requires that Petitioner must prove that the prior proceeding "'has *probably* resulted in the conviction of one who is actually innocent. To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. U.S.*, 523 U.S. 614, 615 (1997) (internal citations and quotations omitted)(emphasis added). This analysis must attend to all the charges original indictment, even those that the Government dismissed for lack of evidence. *Id.* This is the lowest burden of proof the law recognizes.

For a juror to convict the Petitioner, there would have to be evidence, beyond a reasonable doubt, for every single element of at least one crime that the Government charged. *U.S. v. Sorrells*, 145 F.3d 744, 755 (5th Cir., 1998) (the question is whether a "reasonable jury would have convicted him under the correct instructions…"). There are, of course, multiple elements for wire fraud, additional elements for an honest services fraud theory, even more to prove a bribe, and even more to prove a conspiracy thereof. Thus, if Petitioner can show that he did not know about a payment to Judge Lackey, or that he never said or did anything to join a conspiracy to make such a payment, or that he lacked corrupt intent in that payment, or that the payment was a gratuity for a job that would be done anyway, or that there was never an interstate

4

use of the wires in furtherance of that payment -- any of these lacunae (and others) would suffice to prove that Petitioner is actually innocent of the crimes charged.[1]  Thus, this Court "must examine the merits of the petitioner's claim to determine whether the intervening Supreme Court decision has rendered him actually innocent of the charges upon which he was convicted." *Christopher v. Miles*, 342 F.3d 378,383 (5th Cir. 2003).

The Government seems to concede the basic thrust of *Bousley*, but seems to prefer to distort *Bousley* when it discusses this case. Without citing any authority, the Government says that, "Technical innocence is not at issue. For example, the legal sufficiency of 18 U.S.C. § 666, [and] proof of interstate nexus for e-mails … are actually not justiciable at this juncture."  D.E. 320 at 2.  The Government's phrase "technical innocence" does not appear in *Bousley* or in *any* reported case of the Supreme Court or the Fifth Circuit.  The *Bousley* court did, however, emphasize that, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 624.  To be sure, the actual innocence analysis is not an invitation for the Court to speculate about some sense of metaphysical innocence, or some quaint question about whether Petitioner is a bad guy. "[A]ctual innocence does not mean that [the defendant] must be innocent of all bad deeds. The question before us is whether he is actually innocent of violating RICO." *Waucaush v. U.S.,* 380 F.3d 251, 254 (6th Cir. 2004).  The Fifth Circuit has likewise explained that, "'actual' innocence … means that the person did not commit **the crime**.'" *Sorrells*, 145 F.3d at 750 (quoting *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997))(emphasis added).  The analysis thus hews closely to whether the facts proven about Petitioner's conduct meet the elements of **the crimes** alleged in the Indictment.  To put it another way, the Supreme Court said that, "in cases

---

[1] Alternatively, now that *Skilling* has made it is clear that the Government created the only federal crime that was committed in this case, by inducing Judge Lackey to demand money to do his job, the Court may find that reasonable jurors would acquit on the basis of entrapment.

where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to **those charges**." *Bousley*, 523 U.S. at 624 (emphasis added). The question is whether Petitioner is innocent of **those charges**, and the only rational way to make such an inquiry is to compare the evidence presented to the legal elements of those charges.

Thus, contrary to the Government's naked assertion, the fact that Judge Lackey was not an agent for federal grant is properly before the Court because that means that Petitioner is "actually innocent" of the 18 U.S.C. § 666 crime alleged in the Indictment. *See* Petition, D.E. 303 at 10-11 (discussing *Whitfield v. U.S.*, 590 F.3d 325 (5th Cir., 2009)). The analysis is the same for every other element of every other crime the Government charged. The Court will compare the proven conduct to the legal elements of the crime, because "to convict someone of a crime on the basis of conduct that does not constitute the crime offends the basic notions of justice and fair play embodied in the Constitution." *U.S. v. Briggs*, 939 F.2d 222, 227-228 (5th Cir.1991).

## IV. FACIAL JURISDICTIONAL DEFECTS

Third, this Petition is properly before the Court because the Court never had jurisdiction to accept a plea for misprision of felony, because the Information and Factual Basis did not allege an essential element of that federal crime – "an affirmative step to conceal the felony." *U.S. v. Walkes*, Slip Copy, 2011 WL 396485 (5th Cir., 2011) ("The elements of misprision of a felony include… an affirmative step to conceal the felony.") (citing *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992)). The Fifth Circuit has said, "the mere failure to report a felony is not sufficient to constitute a violation" of the misprision statute. *U.S. v. Johnson*, 546 F.2d 1225, 1227 (5th Cir. 1977). This affirmative act must be "a separate act not necessary to the original

conspiracy, but [] an affirmative act of concealment of that conspiracy." *U.S. v. Davila*, 698 F.2d 715, 720 (5th Cir., 1983).  Yet, the Petitioner's plea contained no such affirmative act, because Petitioner committed no such affirmative act.

The problem here is distinct from that in *Bousley*.  Not only is there **no evidence** of affirmative concealment (the question for an actual innocence analysis), but the Government **never even alleged** that the Petitioner took an affirmative step to conceal the felony.  Thus the Petitioner's plea contained no such admission.  *See* Information, D.E. 188 and Factual Basis, D.E. 190.  Thus, Petitioner pled guilty to something that is, on its face, simply not a federal crime.  That plea is a legal nullity, and the conviction must be vacated.

This claim for relief avoids the problem of procedural default altogether, since self-evident problems that the Court lacked jurisdiction are never waived.  A similar case was presented in *Thor v. U.S*:

> [T]he government argues that Thor's failure to assert the instant argument at any prior stage of the proceedings against him that is, during either his trial or his direct appeal to this court resulted in a waiver of that argument for the purposes of this collateral attack upon his conviction. On this score, the government is clearly wrong. If the indictment upon which Thor was tried and convicted failed to allege a federal offense, the district court lacked the subject matter jurisdiction necessary to try Thor for the actions alleged in the indictment. See 18 U.S.C. s 3231 (1970). Jurisdictional defects are always subject to attack under section 2255, as that statute expressly states. Accordingly, the matter was properly presented by Thor's section 2255 motion.

554 F.2d 759, 762 (5th Cir., 1977).  *See also Flores-Rosales v. U.S.*, Slip Copy, 2009 WL 1783703, *2 (W.D.Tex., 2009) same, citing *Thor*), *Edmiston v. U.S.*, Slip Copy, 2009 WL 3839471, *8 (E.D.Tenn., 2009) (same, citing *Thor* and opinions from two other circuits).  The Fifth Circuit reiterated this doctrine in *U.S. v. Meacham,* writing that,

> The objection that the indictment fails to charge an offense is not waived by a guilty plea. The violation of Meacham's right to be free of prosecution for a nonoffense would bar his conviction even if his "factual guilt" had been

7

established validly. The entry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense.

626 F.2d 503, 510 (5th Cir., 1980).  *See also U.S. v. Edrington*, 726 F.2d 1029, 1032 (5th Cir., 1984) (vacating a conviction on a plea to a non-crime, relying on *Meacham*).  Based on common sense and clear authority, the Court has jurisdiction to vacate Petitioner's illegal conviction and dismiss the Information.

V.     CONCLUSION

This case involves three different problems that infect the Petitioner's conviction, and each of these happens to travel on a distinct and independent avenue through or around the problem of procedural default.  It is quite clear that this Court has the jurisdiction to hear all issues raised by the Petitioner, just as it has stated its intention to do.

Respectfully submitted,

/s/Edward D. Robertson, Jr.
Edward D. Robertson, Jr.   Pro hac vice
Michael C. Rader MS Bar # 100205
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Missouri 65109
573-659-4454
573-659-4460 (fax)
chiprob@earthlink.net
mrader@bflawfirm.com

Christopher T. Robertson
Attorney at Law
MS Bar # 102646
christophertrobertson@gmail.com
6342 N Via Lomas de Paloma
Tucson, AZ 85718

William N. Reed

>MS Bar # 4689
>Baker, Donelson, Bearman,
>Caldwell & Berkowitz, PC
>Meadowbrook Office Park
>4268 I-55 North (Zip 39211)
>P. O. Box 14167
>Jackson, MS  39236
>Direct:  601.351.2410
>Fax:  601.592.2410
>wreed@bakerdonelson.com

## CERTIFICATE OF SERVICE

I, Edward D. Robertson, Jr., hereby certify that on March 14, 2011, I served copies of this Motion the Office of the United States Attorney for the Northern District of Mississippi by way of the Electronic Court Filing (ECF) system.

>/s/ Edward D. Robertson, Jr.

9