IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                           CRIMINAL CASE NO. 3:07CR192-B-A

DAVID ZACHARY SCRUGGS

## **MEMORANDUM OPINION**

Presently before the court is Petitioner's Motion for Partial Reconsideration of an order granting partial summary judgment on May 13, 2011. Upon due consideration of the motion, the court is ready to rule. The court set Petitioner's §2255 Motion to Vacate for an evidentiary hearing on May 23, 2011. Petitioner filed a motion for summary judgment on April 22, 2011. The Government filed its response on May 4, 2011. The court granted summary judgment in part by order entered May 13, 2011.

Petitioner by motion filed May 19, 2011 seeks reconsideration of the portions of the summary judgment order that were not in his favor. Petitioner argues that the court was required to grant summary judgment to Petitioner on all facts uncontested by the Government in the Government's summary judgment response. Petitioner states that "the Government wholly abdicated its responsibility to this Court to respond to the Motion for Summary Judgment with facts that show the existence of material disputes on relevant issues. Indeed the Government filed a three-page brief, citing no evidence at all and claiming that it was not required to respond to the issues . . . ." Petitioner states: "Even though the Rules of Procedure say that this Court 'shall' enter summary judgment in these circumstances, this Honorable Court instead took it upon itself to construct reasons to deny the Motion for Summary Judgment in certain parts, and grant the Motion in others."

The Government's response to Petitioner's Motion for Reconsideration states that "Petitioner's motion for summary judgment was basically a re-statement of his original 2255 petition to which the government had already responded in detail," and the Government notes that the court established that disputed issues of law and fact existed by setting an evidentiary hearing to review Petitioner's 2255 motion.

Federal Rule of Civil Procedure 56(a) states: "The court shall grant summary judgment <u>if</u> the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." (emphasis added). Contrary to Petitioner's argument, the court is not limited to reviewing the summary judgment motion and response in determining whether summary judgment is appropriate. The court has discretion to consider the record in determining whether there are genuine disputes as to any material fact. Federal Rule of Civil Procedure 56(c)(e) states: "The court need consider only the cited materials, <u>but it may consider other materials in the record</u>."(emphasis added). Though the Government's response to Petitioner's summary judgment was insubstantial, Rule 56 does not state that the court must enter summary judgment where a party fails to properly address another party's assertion of fact. Instead, Rule 56 provides the court with much discretion. Rule 56(e) states: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56c, the court may:

(1) give an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
(4) issue any other appropriate order.

As stated in Rule 56(e)(3), summary judgment should be granted "if the motion and supporting materials - including the facts considered undisputed - <u>show the movant is entitled to it</u>." The court reviewed the underlying motions, responses, testimony, and remaining record in this case in determining its partial summary judgment order. Petitioner did not meet his burden of showing that no genuine issue of material fact existed as to all issues in this case, and the court ruled accordingly.

Summary judgment should be granted only when the truth is clear. *Sindermann v. Perry*, 430 F.2d 939, 943 (5th Cir. 1970). "[T]he record must negate the probability that evidence calling for a contrary result might be developed at trial. If the pleadings, affidavits, and depositions, available when the motion for summary judgment must be ruled on, fail to resolve any crucial question, summary judgment is premature, and the case mut go to trial on the points left in uncertainty." *Stanley v. Guy Scroggins Const. Co.,* 297 F.2d 374, 377 (5th Cir. 1961). The Supreme Court has recognized that, even in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'" *Black v. J.I. Case Co., Inc.*, 22 F.3d 568, 572 (5th Cir. 1994)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). A district court does not have to grant summary judgment, even where no response to the motion for summary judgment is filed. *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989) ("A district judge has the discretion to deny a Rule 56 motion even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.").

Petitioner's assertion that the court was required to grant him summary judgment on certain factual disputes is incorrect and his motion requesting the court to reconsider its ruling with respect to these factual disputes is denied.

## Alleged "Jurisdictional" Argument

Petitioner argued in his summary judgment motion that the factual basis and information supporting his plea were insufficient and deprived the court of jurisdiction. The court rejected this argument and concluded in its summary judgment ruling that the court did have jurisdiction to accept Petitioner's plea. Petitioner now asks the court to reconsider this ruling.

Petitioner waived indictment and pleaded guilty to a one-count information of misprision of a felony, 18 U.S.C. § 4, in exchange for the Government dismissing the original six-count indictment. The information supporting Petitioner's plea tracked the language of the misprision statute, contained all of the elements of the crime, and the court recited all elements of the crime to Petitioner at his plea colloquy. The Government then recited the factual basis supporting the guilty plea on the record, Petitioner acknowledged that he had done the conduct described in the factual basis, and the court found that an adequate factual basis existed to accept the guilty plea.

Petitioner was represented by two attorneys at the plea colloquy. He affirmed that he had discussed his case with his attorneys, was satisfied with their representation, and wished to plead guilty. Petitioner acknowledged that he understood he was waiving his right to trial and that he understood the maximum possible punishment. Petitioner acknowledged that he was pleading guilty voluntarily and not due to threats, promises, force, or coercion. Petitioner made no objections to the information and factual basis during the plea colloquy. He furthermore filed no direct appeal challenging his conviction or sentence.

In his motion for reconsideration, Petitioner, as he did in his motion for summary judgment, relies on the Fifth Circuit cases *United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980) and *United States v. Thor*, 554 F.2d 759 (5th Cir. 1977) for the proposition that "this Court lacked jurisdiction to accept a plea for a non-crime." The court concluded in its summary judgment opinion that *Meacham* has been overruled by the U.S. Supreme Court decision, *United States v. Cotton*, 535 U.S. 625, 631 (2002).

In *Cotton*, the U.S. Supreme Court held: "a district court 'has jurisdiction of all crimes cognizable under the authority of the United States ... [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'" The Court also held: "a ruling 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'"

Petitioner takes issue with the court's conclusion that *Meacham* has been overruled in light of *Cotton* and urges the court to follow the law as cited in *Meacham*. *Meacham*, however, regardless of whether it is overruled or not, is not on point. *Meacham* states that an indictment must allege each element of the offense charged. 626 F.2d at 507. The information supporting Petitioner's plea contained all of the elements of the offense charged. *Meacham* states that the elements must state an offense against the United States. 626 F.2d at 507. In *Meacham*, the Fifth Circuit determined that "conspiring to attempt to violate" the Controlled Substances Act, as charged in the indictment, was not a cognizable offense against the United States. The information in Petitioner's case states a cognizable offense against the United States, misprision of a felony and contains all of the elements of the crime. *Meacham* addresses a non-existent

crime of "conspiring to attempt to violate" the Controlled Substances Act, whereas Petitioner was charged with a cognizable federal offense, misprision of a felony.

Petitioner cites again the Fifth Circuit case *United States v. Thor*, 554 F.2d 759, 762 (5th Cir. 1977), and states that *Thor* "squarely addressed the issue presented in this case." In *Thor,* the issue was whether the government's failure to publish controlled substance schedules on time caused part of the Controlled Substances Act to lapse. The petitioner argued that if the statute had lapsed, "then it necessarily follows that the indictment upon which Thor was tried and convicted failed to state an offense against the United States, and thus the district court was without jurisdiction over the subject matter of the indictment." 554 F.2d at 762. The Fifth Circuit held, however, that the statute had not lapsed and therefore the indictment stated a federal offense. The *Thor* case deals with the possibility of a lapsed statute. There is no similar concern in this case. Petitioner was charged under a valid federal statute, 18 U.S.C. § 4. The *Thor* decision is inapplicable to the one at hand.

Though Petitioner characterizes his alleged "jurisdictional" challenge as a "problem concerning the information" and cites cases addressing the sufficiency of indictments and informations, Petitioner is really challenging the factual basis supporting his plea and arguing that one of the elements of the crime of misprision of a felony – an act of concealment – is not supported by the factual basis. This argument is not one that raises a jurisdictional concern, and no precedent cited by Petitioner states otherwise. The sufficiency of the factual basis is an issue that can and should be raised on direct appeal, but when a habeas petitioner does not raise the issue on direct appeal, the claim may be raised in a §2255 motion only if the petitioner can first demonstrate (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which

he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998), *United States v. Jones*, 172 F.3d 381 (5th Cir. 1999), and *United States v. Torres,* 163 F.3d 909, 911 (5th Cir.1999).

Petitioner, in his motion for reconsideration, cites numerous non-binding decisions to attempt to support his argument that the court has a "jurisdictional" problem, and at least two of these cases, help illustrate why there is no jurisdictional problem.

In *United States v. Bowling*, Slip Copy, 2010 WL 5067698 (E.D.Ky. 2010), the district court explains: "Conspiring to violate RICO is unquestionably a cognizable federal offense. *See* 18 U.S.C. §1962(d). In *Adesida*, the indictment charged "conspiracy to attempt to import" - a crime which the defendant argued was non-existent. . . . The challenge in *Adesida* was not that the alleged facts were insufficient to warrant a conviction. Instead, the challenge was that the crime charged was not a crime at all. Bowling could challenge the Court's subject matter jurisdiction if the indictment charged something that *was not a crime,* but that is not the case here. The indictment charges a RICO conspiracy under 18 U.S.C. § 1962. The indictment charges a cognizable federal offense and the Court has subject matter jurisdiction."

*Bowling* clarifies the difference between arguing that an indictment or information does not charge a crime at all and arguing that the facts are insufficient to warrant a conviction. A court's subject matter jurisdiction could be challenged where the indictment or information charged a non-existent crime, as was the case in *Meacham,* but that is not the case here. Just as in *Bowling,* "[c]onspiring to violate RICO is unquestionably a cognizable federal offense," so here is misprision of a felony unquestionably a cognizable federal offense. 18 U.S.C. § 3231 grants the district courts of the United States "original jurisdiction, exclusive of the courts of the

7

States, of all offenses against the laws of the United States," and this court has subject matter jurisdiction over an information charging misprision of a felony.

The Sixth Circuit decision, *United States v. Anderson,* cited by Petitioner in his motion for consideration also illustrates that there is no jurisdictional problem, where the court states:

> Anderson's indictment clearly tracked the language of the statute and thus contained the elements of the offense. . . . Anderson would accordingly be able to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense. . . . She instead argues on appeal that the indictment is insufficient because there is allegedly no statute or regulation that would put Anderson on notice that facility's participation in Medicaid 'would automatically disintegrate or immediately terminate with the instance of the loss of the Medical Director.' **But this argument misses the point. Anderson is not so much contending that the indictment fails to state an offense, but rather that she could not be guilty under the statute** . . . .**This is an issue that Anderson was free to argue at trial; i.e., that one element of the statute was not satisfied . . . . The indictment need only set forth elements that, *if proven,* constitute a violation of the relevant statute.** *See Hamling,* 418 U.S. at 117, 94 S.Ct. 2887 (stating that the indictment may track the language of the statute, provided that the statute itself clearly "set[s] forth all the elements necessary to constitute the [offense] intended to be punished" (citation omitted)).

605 F.3d 404, 411 (6th Cir. 2010)(emphasis added). Petitioner is arguing, like the defendant in *Anderson,* "not . . . that the indictment fails to state an offense, but rather that [h]e could not be guilty under the statute." As noted in *Anderson,* Petitioner had the opportunity to pursue this argument by proceeding to trial, or at the least by directly appealing the issue of the sufficiency of the factual basis. Instead, Petitioner did not make a contemporaneous objection to the factual basis during his plea hearing, and he did not directly appeal. Petitioner relies solely on a

8

"jurisdictional" argument and has offered no argument to overcome his procedural default for failing to raise this claim before now.

Petitioner's challenge of the factual basis is procedurally barred pursuant to *Bousley v. United States*, 523 U.S. 614, 622 (1998), *United States v. Jones*, 172 F.3d 381 (5th Cir. 1999), and *United States v. Torres,* 163 F.3d 909, 911 (5th Cir.1999). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley,* 523 U.S. at 621.

The factual basis claim is also time-barred by the one-year statute of limitations for Section 2255 motions. 28 U.S.C.A. §2255(f)(1-4). In the absence of a new right recognized by the U.S. Supreme Court that is retroactive to cases on collateral review, an impediment to filing the motion created by government action, or new facts discovered through due diligence, the statute of limitations for Petitioner's factual basis claims began to run from the date on which Petitioner's judgment of conviction became final. *Id.* Because he pursued no direct appeal, Petitioner's conviction and sentence became final for purposes of § 2255 upon the expiration of the ten-day period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Petitioner was sentenced on July 2, 2008, his deadline for filing a direct appeal was July 14, 2008, and the factual basis claims he now raises was required to be filed by July 14, 2009, in order to be timely under Section 2255's one-year statute of limitations. Petitioner filed his Section 2255 motion on August 18, 2010, and first raised the alleged "jurisdictional" claim in a footnote in his November 9, 2010, Section 2255 reply memorandum and again in a Bench Memorandum filed March 14, 2011. The claim is untimely and cannot be heard.

A separate order in accord with this opinion shall issue this day.

This, the 27th day of June, 2011.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**