IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:07-CR-192-2

DAVID ZACHARY SCRUGGS

**ORDER**

Over three years after entry of the judgment sentencing David Zachary Scruggs to fourteen months of imprisonment on Count One of the Information,[1] the government, "[p]ursuant to Rule 60(a) of the Federal Rules of Civil Procedure," filed a "Motion to Correct the Record" as to what it describes as "an oversight or omission by [it] of evidence relevant to the disqualification of AUSA Robert Norman a[t] David Zachary Scruggs' 28 U.S.C. § 2255 proceeding."[2] Doc. #402. Scruggs filed a response opposing the motion. Doc. #405.

Upon consideration,[3] the "Motion to Correct the Record" [402] is **DENIED**.

**SO ORDERED**, this 21st day of August, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Count One charged that Scruggs, "having knowledge of the actual commission of a felony … concealed and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States …." Doc. #188.

[2] Scruggs' § 2255 motion to vacate was denied August 3, 2011. Doc. #399. The Fifth Circuit Court of Appeals affirmed the judgment on October 15, 2012. Doc. #414. The United States Supreme Court denied a writ of certiorari on February 28, 2013. Doc. #417.

[3] This case was reassigned to the undersigned on August 14, 2023. Doc. #422. After reviewing the motion, response, and the record in this case, the Court concludes that no correction of the record is warranted. The record accurately reflects the statement at issue made by Norman on which Norman's disqualification was based. Doc. #402 at 2. And to the extent the government argues the statement at issue was ultimately inaccurate, the subsequent statements on which the government relies as "clarification" were not offered or made by Norman but rather another Assistant United States Attorney. *Id.* at 3–7.